IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID G. CASSLEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 21-226 ) |
| KILOLO KIJAKAZI, | ) ) ) |
| Defendant. | ) |

ORDER

AND NOW, this 31st day of May 2022, the Court, having considered the parties' summary judgment motions, will order judgment in Defendant's favor except as to costs.[1] In this matter, the Administrative Law Judge ("ALJ") authored what, pursuant to 20 C.F.R. § 404.981, became the Social Security Administration's ("SSA") final decision when the Appeals Council denied Plaintiff's request for review. The ALJ's decision denying Plaintiff's Title II application for disability insurance benefits ("DIB"), 42 U.S.C. § 401, *et seq.*, is free of legal error(s) and supported by substantial evidence. Accordingly, it will be affirmed. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).[2]

---

[1] Costs were requested (Doc. No. 18, pg. 2) but not argued. Therefore, the Court will neither address nor award costs. *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

[2] Plaintiff argues that this matter should be remanded for further administrative proceedings because the ALJ legally erred in her assessment of his transferable skills. The error, argues Plaintiff, was the ALJ's failure to inquire as to whether the skills Plaintiff acquired from past relevant work would be transferable to occupations within the same or similar industry. Plaintiff's position is that ALJs must make this inquiry part of their transferability of skills assessments. As explained herein, the Court is unpersuaded of both the requirement and error alleged by Plaintiff and will affirm the ALJ's decision.

This Court reviews the ALJ's decision to ensure it is supported by "substantial evidence" and that the ALJ "applied the proper legal standards." *Krinjeck v. Saul*, 549 F. Supp. 3d 428, 430 (W.D. Pa. 2021) (citations omitted). ALJs assess disability using a "familiar five-step

1

analysis." *Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019) (citing 20 C.F.R. § 404.1520(a)(4)).  At step one, the ALJ ensures the claimant is not engaged in "substantial gainful activity" ("SGA").  *Id.* § 404.1520(a)(4)(i).  At step two, the ALJ identifies the claimant's severe, medically determinable impairments.  *Id.* § 404.1520(a)(4)(ii).  If the claimant has at least one severe, medically determinable impairment, the analysis proceeds to step three where the ALJ asks whether the claimant's impairments meet criteria for any of the presumptively disabling impairments that appear in the regulations at 20 C.F.R. Pt. 404, Subpt. P, App. 1.  *Id.* § 404.1520(a)(4)(iii).  If the criteria for such an impairment are not met, the analysis continues to step four where the ALJ formulates the claimant's residual functional capacity ("RFC") and uses it to determine whether the claimant can return to his past relevant work ("PRW").  *Id.* § 404.1520(a)(4)(iv).  If the claimant cannot return to PRW, the analysis proceeds to the fifth and final step of the analysis where the ALJ asks whether the claimant can adjust to other work with his RFC and other vocational characteristics (age, education, and work experience).  *Id.* § 404.1520(a)(4)(v).

In this matter the ALJ found Plaintiff had not engaged in SGA since his alleged onset date.  (R. 17).  She further found Plaintiff suffered from two severe, medically determinable impairments—coronary artery disease and hypertension.  (*Id.*).  Plaintiff's impairments were found not to meet the criteria of a presumptively disabling impairment, so the ALJ proceeded to formulate Plaintiff's RFC.  Plaintiff's RFC was found to include the capacity for light work with additional physical limitations such as a limitation to walking no more than two hours at a time.  (R. 19).  The ALJ supported the RFC finding with her review of the objective medical evidence and Plaintiff's alleged symptoms, treatment history (*e.g.*, surgeries), and daily activities.  (R. 19—21).  She also based the RFC finding on the medical opinion and prior administrative medical findings evidence.  (R. 21).  Together, the evidence of record corroborated Plaintiff's symptoms but undermined their alleged severity and limiting effects.  (R. 20).  For example, the ALJ found Plaintiff's treating cardiologist's opinion that Plaintiff would require rest periods during the day when he could elevate his legs was undermined by other evidence in the record such as evidence Plaintiff had a normal heart rate, normal gait, and normal strength.  (R. 22).  Using the RFC, the ALJ sought to determine at step four whether Plaintiff could return to his PRW.  The ALJ found Plaintiff's PRW included work as a "hotel manager" (DOT 187.117-038) and "retail manager" (DOT 185.167-046).  (R. 22).  The vocational expert ("VE") who testified at Plaintiff's hearing indicated that both occupations' Specific Vocational Preparation ("SVP") level is seven (7) (R.55), which indicates skilled work.  *Zirnsak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014) (citation omitted).

After identifying Plaintiff's PRW, the VE testified that an individual with Plaintiff's RFC could not return to such work.  (R. 57).  However, the VE further testified that Plaintiff had acquired skills from his PRW that would be transferable to other occupations.  (R. 55).  The VE explained that Plaintiff had acquired "computer skills," as well as "interaction with the public skills, speaking skills, [and] negotiation skills" from both his work as a retail manager and as a hotel manager.  (R. 55, 59).  These skills were transferable to at least three semiskilled occupations, dispatcher (DOT 239.367-014), data entry clerk (DOT 203.582-054), and customer service representative (DOT 249.362-026 ("order clerk")).  (R. 56).  The three occupations identified offered a significant number of jobs in the national economy and were suitable for an

2

individual with Plaintiff's RFC and vocational characteristics. (R. 56—57). Relying on this testimony, the ALJ found that Plaintiff's "age, education, work experience, and [RFC]," as well as those "work skills from [PRW] that are transferable to other occupations with jobs existing in significant numbers in the national economy" would permit adjustment to other work. (R. 22—23). Accordingly, the ALJ found Plaintiff to be not disabled. (R. 23 (mistakenly, but harmlessly, listing three alternative unskilled occupations the VE identified for Plaintiff)).

Plaintiff challenges the ALJ's decision regarding his transferable skills, arguing the ALJ failed to employ the eight-step Transferability of Skills Assessment ("TSA") found in the SSA's Program Operations Manual System ("POMS"), available at https://secure.ssa.gov/apps10/. Plaintiff's position is that POMS DI 25015.017(I) institutes an eight-step TSA that ALJs must follow because ALJs are bound by the POMS. (Doc. No. 17, pg. 7). Plaintiff argues that the ALJ's failure occurred at the fourth step which, pursuant to Plaintiff's interpretation, demands an inquiry into whether the skills that a claimant acquired from PRW are transferable to occupations in the same or similar industry. The ALJ never so inquired and this was a harmful error, argues Plaintiff, because his PRW and the alternative occupations identified are not in the same or a similar industry. Plaintiff further argues that had this dissimilarity been discovered he would likely have been found to lack transferable skills and, further, would likely have been found to be disabled. Plaintiff is seeking remand that the ALJ would redo the eight-step TSA.

Plaintiff's argument is untenable. As an initial matter, the POMS "lack[s] the force of law and create[s] no judicially-enforceable rights." *Bordes v. Comm'r of Soc. Sec.*, 235 Fed. Appx. 853, 859 (3d Cir. 2007); *Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 71 n.2 (3d Cir. 1996) (citing *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981)). Not only that, but—as Defendant points out—it pushes the bounds of defensible interpretations of the cited section of the POMS (DI 25015.017(I)) to suggest that it demands an inquiry into whether a claimant's skills are transferable to occupations in the same or similar industry as a claimant's PRW. POMS DI 25015.017(I) provides eight steps for assessing transferability of skills. The fourth step, which is the step at issue in this case, directs a "[s]earch for occupations related to the claimant's PRW using the same or similar: guide for occupational exploration (GOE) code; materials, products, subject matter, and services (MPSMS) code . . . or industry designation." (*Id.*). Contrary to Plaintiff's characterization, the fourth step clearly suggests several ways to search for occupations related to the claimant's PRW; it does not demand inquiry into whether alternative occupations are in the same or similar industry designation as the claimant's PRW.

The Court does not mean to suggest that there are no standards for an ALJ's assessment of a claimant's transferable skills. When transferability appears to be relevant to finding whether a claimant with skilled or semiskilled PRW can adjust to other skilled or semiskilled work, the ALJ should "make certain findings of fact" in his or her decision. SSR 82-41, 1982 WL 31389, at *7 (S.S.A. 1982). Specifically, the ALJ must (1) identify the "acquired work skills;" (2) identify "specific occupations to which the acquired work skills are transferable;" and (3) cite "[e]vidence that these specific skilled or semiskilled jobs exist in significant numbers in the national economy." *Id.* Finding transferability is most likely when the alternative occupation(s) identified involve the "same or a lesser degree of skill," use the "same or similar tools and machines," and involve the "same or similar raw materials, products, processes, or services,"

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 16) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 18) is GRANTED as specified above.

/s Alan N. Bloch
United States District Judge

ecf:    Counsel of Record

---

though all three similarities are not required to find transferable skills.  20 C.F.R. § 404.1568(d)(2)—(3).

      The ALJ's transferability of skills assessment in this matter conformed to the regulations and SSR 82-41.  With the testifying VE, the ALJ identified Plaintiff's acquired skills.  (R. 22).  She also had the VE testify regarding occupations to which these skills would be transferable and the number of associated jobs in the national economy.  (R. 55—56, 59).  The VE confirmed that his testimony was consistent with the DOT except where he had to rely on his education and experience to cover gaps in the DOT.  (R. 61).  This assessment is consistent with what the regulations and rulings require of ALJs when they assess a claimant's transferable skills.  And while Plaintiff compares his case to *Krinjeck v. Saul*, that case is inapposite because it pertained to an ALJ's finding that certain skills acquired from PRW as a nurse aide were transferable without sorting out which of those skills were attributable to the nursing component rather than the aide component.  549 F. Supp. 3d at 433—34 (citations omitted) (explaining SSR 82-41's specific instructions for assessing transferability of skills from PRW as a nurse aide).  There being no other allegation of error or insufficiency of the evidence supporting the ALJ's decision, the Court will grant Defendant's motion.